Case 3:24-cv-00350-HTW-LGI  Document 1  Filed 06/17/24  Page 1 of 13

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION



**FREDERICK CHAMBLISS**  PLAINTIFF

VS.                                    CASE NO. 3:24cv350-HTW-LGI

**MERRICK GARLAND, ATTORNEY GENERAL;
FEDERAL BUREAU OF PRISONS, DERIC WILSON,
SHANNON WITHERS, MARTY VOGEL, CRAIG
STANDLEY, DEQUANTY LOTT, JORGE GIRALDO,
AND DAWNYA IVEY**                      DEFENDANTS

## COMPLAINT
### (Jury Trial Demanded)

COMES NOW, Plaintiff, Frederick Chambliss ("Plaintiff"), by and through counsel, and files this his Complaint, and would show unto this Honorable Court the following violation of his federally protected right under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. 2000e, et seq., the Rehabilitation Act of 1973, as amended, 29 U.S.C. §791, et seq., the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution and relative state law.

This is an action for discriminatory conduct in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. 2000e, et seq., the Rehabilitation Act of 1973, as amended, 29 U.S.C. §791, et seq., the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution and relative state law as more fully explained, against the Defendants.

### JURISDICTION

1. Jurisdiction is proper in this Court per 28 U.S.C. §1331, §1343(a)(3). and §1346 because

this is a civil action arising under the laws of the United States, including Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. 2000e, et seq., the Rehabilitation Act of 1973, as amended, 29 U.S.C. §791, et seq., and the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution.

## VENUE

2. Venue is proper in this Court per 28 U.S.C. §1391(b), §1391(e) and §1402(b) as a substantial part of the events giving rise to the claim occurred in Yazoo County, Yazoo, Mississippi and the Southern District of Mississippi.

## JURY DEMAND

3. Pursuant to Federal Rule of Civil Procedure 38(b)(1), trial by jury is demanded on all issues so triable, and Plaintiff asserts all rights under the Seventh Amendment of the United States Constitution.

## PARTIES

4. Frederick Chambliss ("Chambliss") is an adult resident citizen of Rankin County, Brandon, Mississippi. At all pertinent times herein, he worked at the Federal Correctional Complex (FCC) located in Yazoo City, Mississippi. Plaintiff is no longer employed at the Federal Correctional Complex (FCC).

5. Merrick Garland, United States Attorney General, leads and is the head of the Federal Criminal Justice System which includes the Federal Bureau of Prisons. The Federal Bureau of Prisons is responsible for federal prison institutions to include the Federal Correctional Complex located in Yazoo, Mississippi. Defendant is sued for all counts of this complaint. Defendant may be served with process of this Court at U.S. Department of Justice 950 Pennsylvania Ave., NW Washington, DC 20530-0001.

6. Shannon Withers, an African-American male, was the Complex Warden, 0006, Senior Executive Service at the Federal Bureau of Prisons Yazoo Federal Correctional Complex (FCC). Presently, he is no longer assigned to FCC in Yazoo, but still an employee of the Federal Bureau of Prisons. Defendant is sued for all counts of this complaint. He may be served with process Federal Correctional Complex Coleman, 846 NE 54th Ter, Coleman, Florida or wherever he may be found.

7. Dawnya Ivey, an African-American female, was the Human Resource Manager , at the Federal Bureau of Prisons Yazoo Federal Correctional Complex (FCC). Presently, she is no longer assigned to FCC in Yazoo, but still an employee of the Federal Bureau of Prisons and now an Associate Warden. Defendant is sued for all counts of this complaint. She may be served with process at the Federal Correctional Institution Oakdale, 1507 East Whatley Road, Oakdale, Louisiana 71463 or wherever she may be found.

8. Craig Standley, a White or Caucasian male, Deputy Captain GL007-12 at the Federal Bureau of Prisons Yazoo Federal Correctional Complex (FCC). He was Chambliss' second line supervisor. Defendant is sued for all counts of this complaint. He may be served with process at the Federal Bureau of Prison Yazoo, Federal Correctional Complex (FCC), 2225 Haley Barbour Parkway, Yazoo City, Mississippi 39194 or wherever he may be found.

9. Jorge Giraldo, a Hispanic male, Special Investigative Agent, 006, 12-10 at the Federal Bureau of Prisons Yazoo Federal Correctional Complex (FCC). Defendant is sued for all counts of this complaint. He may be served with process at the Federal Bureau of Prisons Yazoo Federal Correctional Complex (FCC), 2225 Haley Barbour Parkway, Yazoo City, Mississippi 39194 or wherever he may be found.

10. Deric Wilson, a White or Caucasian male, was an Acting Warden at the Federal Bureau of Prisons Yazoo Federal Correctional Complex, now retired. He was Chambliss' fourth line supervisor. Defendant is sued for all counts of this complaint. He may be served with process at the Federal Bureau of Prisons Yazoo Federal Correctional Complex (FCC), 2225 Haley Barbour Parkway, Yazoo City, Mississippi 39194 or wherever he may be found.

11. Martey Vogel, a male, was a Special Agent with the Office of Internal Affairs at the Federal Bureau of Prisons, now retired. Defendant is sued for all counts of this complaint. He may be served with process at the U.S. Department of Justice, Federal Bureau of Prisons, Office of Internal Affairs, 320 First Street, Washington, D.C. 20035 or wherever he may be found.

12. DeQuanty Lott, a Black male, was a Deputy Captain, presently an Administrative Lieutenant, GS-11 at the Federal Bureau of Prisons Yazoo Federal Correctional Complex (FCC). He was Chambliss' first line supervisor. Defendant is sued for all counts of this complaint. He may be served with process at the Federal Bureau of Prison Yazoo Federal Correctional Complex (FCC), 2225 Haley Barbour Parkway, Yazoo City, Mississippi 39194 or wherever he may be found.

## CLAIMS

13. The Plaintiff seeks redress of the discriminatory conduct by the Defendants for disparate treatment, non-sexual harassment, retaliation, hostile work environment and reprisal. In further violating these Federally protected rights, the Defendants caused further harm to Plaintiff's mental disability, which is more fully set forth herein:

    A. On September 28, 2021, Plaintiff was subjected to retaliation when the Agency failed to verify his employment status;

    B. On October 7, 8 12, 13, 14, 15, and 16, 2021, Management placed Plaintiff on Absence Without Leave (AWOL) status by management;

    C. On October 12, 2021, Management denied Plaintiff's request for his OIA file (#2021-03788);

    D. On October 28, 2021, Management subjected Plaintiff to two bogus threat assessments;

    E. On October 28, 2021, Plaintiff was subjected to reprisal when Plaintiff was placed on non-duty administrative leave and banned from the institution by management; and

    F. On December 27, 2021, Management did not select Plaintiff for a GL-08 Senior Officer Specialist, Vacancy announcement number YAZ 2021-0095.

## STATEMENT OF THE FACTS

14. On September 9, 2021 Chambliss reported to acting Low Warden Deric Wilson of the lies told by Deputy Captain Craig Standley and the failure to report SIA Jorge Giraldo for cyber-stalking. Chambliss received no reply.

15. On September 17, 2021 Chambliss reported SIA Jorge Giraldo for cyber-stalking and FCC Yazoo City for failure to report to OIA Special Agent Marty Vogel. Chambliss received no reply.

16. On October 7, 2021, Chambliss was put on enforce leave and AWOL status for the days of October 7, 2021, October 8, 2021, October 12, 2021, October 13, 2021, October 14, 2021, October 15, 2021, and October 16, 2021 pending more medical documentation

clearing Chambliss to return to work. This medical documentation was not requested of Chambliss until Chambliss requested official time or reasonable accommodation upon Chambliss return to work. Chambliss was originally on schedule to work his assigned post for that week. October 7, 2021, AWOL status was changed when he emailed management policy and procedures:

> Employees who request reasonable accommodation shall not be placed on enforced leave pending review of the accommodation request unless their presence poses a danger to self, others or the orderly operation of the workplace. However, if the employee is on leave and not medically cleared to return to work when the request is made, the employee will remain on leave until the accommodation is decided upon.

17. On September 28, 2021, Chambliss tried to refinance his home and at the time the lender (Loan Depot} needed verification that he was still employed due to Chambliss being on leave from work for several months. Chambliss requested from Human Resource a verification form that he was still employed by the agency. Chambliss was denied by Human Resource manager Dawnya Ivey and was told that the lender needed to request it through email with his permission. The lender sent two emails requesting verification of his employment, but the Human Resource Office never responded and his loan was denied.

18. On October 12, 2021, Chambliss emailed SIA Jorge Giraldo and requested his case file #2021-03788, which was mysteriously closed after asking for the details of the case and who authorized the investigation. SIA Jorge Giraldo replied that Chambliss needed to request it through the Office of Internal Affairs.

19. On October 12, 2021, Chambliss emailed OIA Special Agent Marty Vogel and requested his case file #2021- 03788. No reply was given by OIA Special Agent Marty Vogel.

20. On October 12, 2021, OIA Supervisory Special Agent Nancy McKinney replied to Chambliss and OIA Special Marty Vogel in a forwarded email from Marty Vogel that Chambliss needed to make his request for his case file through FOIA. However, in that same forwarded email Chambliss noticed that Marty Vogel lied to Nancy McKinney and told her that he didn't know Chambliss and what case Chambliss was requesting which was a complete lie because Chambliss had several emails between Chambliss and Marty Vogel. Chambliss informed Nancy McKinney that Marty Vogel was lying to her and that she should address him. No reply was given to Chambliss.

21. On October 20, 2021 Deputy Captain Craig Standley entered the Low Union Office where Chambliss and WFPC Nicole Boyd were present and he was pretending to be looking for another staff member. Chambliss felt like that was a form of intimidation and harassment because of his EEO case that he was currently working on at the time. If he was really looking for a staff member, Standley could have contacted that staff member via radio or made contact through the control center. He knew that Chambliss was working on his EEO case because he granted Chambliss the official time.

22. On October 20, 2021, Deputy Craig Standley called Senior Officer Tarshauna Thomas from the computer lab and told her that Chambliss (Vice President Fredrick Chambliss) couldn't help her with her case in which he granted Chambliss and her official time to work on her case. This is a breach of the Master Agreement Article 6 Section b (1) (2).

23. On October 27, 2021, Chambliss reported to the agency of the conspiracy that he uncovered by doing his own investigation. The conspiracy was plotted against Chambliss by its own Executive staff and Supervisors. No reply was given to Chambliss.

24. On October 28, 2021, Chambliss was given two bogus threat assessments from the agency in which Deputy Captain Craig Standley and Lieutenant DeQuanty Lott filed on Chambliss. Neither threat was valid and Chambliss feels like that was a form of retaliation because Chambliss was exposing both accusers of abuse and wrong doing.

25. On October 28, 2021, Chambliss was placed on non-duty administrative leave and banned from the grounds of FCC Yazoo City in which case Chambliss was unable to perform and carry out his Union Official duties as Vice President of Local 1013. The agency used fake threat assessments to justify banning Chambliss, which is called Union Animus. As of January 28, 2022 Chambliss was still on administrative leave as of without explanation or being updated of his status.

26. On December 27, 2021, Chambliss was made aware that the agency made their selections for the GS-8 board. There were 26 available openings when posted and only 19 were selected in which Chambliss was not selected for the fourth straight time. Chambliss has more seniority and specialized experience than everyone who was selected. Vacancy announcement is YAZ-2021-0095.

27. The agency was pretending they were investigating Chambliss' allegations against management but no investigations were ever conducted.

28. Chambliss timely filed a Complaint of Discrimination with the Equal Employment Opportunity Commission (EEOC) on January 28, 2022.

29. Chambliss was terminated on September 18, 2023. He was notified via U.S. Mail that he was terminated.

30. Chambliss proceeded through the administrative process, and an administrative judge issued a decision and order granting the agency's motion for summary judgment on February 12, 2024.

31. On March 18, 2024, the Department of Justice Final Order was issued.

## CAUSES OF ACTION

32. The Plaintiff claims that the Defendants broke/violated the law resulting in discriminatory conduct for disparate treatment, non-sexual harassment, retaliation, hostile work environment and reprisal in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. 2000e, et seq., the Rehabilitation Act of 1973, as amended, 29 U.S.C. §791, et seq., the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution.

33. Plaintiff repeats the allegation contained in paragraphs 1- 31 as though set forth verbatim and incorporates all allegations set forth in all other sections of this complaint.

34. Through this discriminatory conduct by the Defendants for disparate treatment, non-sexual harassment, retaliation, hostile work environment and reprisal against Plaintiff, Defendants violated Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. 2000e, et seq., the Rehabilitation Act of 1973, as amended, 29 U.S.C. §791, et seq., the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution. In doing so, Defendants harmed Plaintiff. This violation was willful and/or with malice.

35. Merrick Garland, Federal Bureau of Prisons, and FCC through actions or inactions of its employees and/or agents, discriminated against the Plaintiff by failing to remediate the conduct of Shannon Withers, Deric Wilson, Dawnya Ivey, Marty Vogel, Craig Standley,

DeQuanty Lott, and Jorge Giraldo and fostering further violative conduct.

36. Merrick Garland, Federal Bureau of Prisons, and FCC, through actions or inactions of its employees and/or agents, failed to provide reasonable accommodation for the Plaintiff to work due to his mental disability, a medical condition known by the Defendants. Plaintiff repeats the allegation contained in paragraphs 1- 31 as though set forth verbatim and incorporates all allegations set forth in all other sections of this complaint.

37. Merrick Garland, Federal Bureau of Prisons, and FCC, through actions or inactions of its employees and/or agents, allowed Shannon Withers, Deric Wilson, Dawnya Ivey, Marty Vogel, Craig Standley, DeQuanty Lott, and Jorge Giraldo to act in unlawfully by discriminatory conduct by the Defendants for disparate treatment, non-sexual harassment, retaliation, hostile work environment and reprisal against Plaintiff. Plaintiff repeats the allegation contained in paragraphs 1- 31 as though set forth verbatim and incorporates all allegations set forth in all other sections of this complaint.

38. Plaintiff would assert that all these above-referenced actions as well as others to be established, on the part of the Defendants through its employees and agents, amount to a pattern and practice of discriminatory conduct by the Defendants for disparate treatment, non-sexual harassment, retaliation, hostile work environment and reprisal against Plaintiff, and should be considered in a cumulative context.

39. Under the doctrine of *respondeat superior*, as the employer of Shannon Withers, Deric Wilson, Dawnya Ivey, Marty Vogel, Craig Standley, DeQuanty Lott, and Jorge Giraldo , Merrick Garland, Federal Bureau of Prisons, and FCC is jointly and solidarily liable for acts of discrimination against the Plaintiff and therefore the aforementioned Defendant is liable for the Discriminatory conduct of Shannon Withers, Deric Wilson, Dawnya Ivey,

Marty Vogel, Craig Standley, DeQuanty Lott, and Jorge Giraldo.

40. Moreover, Merrick Garland, Federal Bureau of Prisons, and FCC violated Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. 2000e, et seq., the Rehabilitation Act of 1973, as amended, 29 U.S.C. §791, et seq., the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution, by failing to redress the Plaintiff's Federally protected rights after violative acts of Shannon Withers, Deric Wilson, Dawnya Ivey, Marty Vogel, Craig Standley, DeQuanty Lott, and Jorge Giraldo which reported, noted and placed before their supervisory authorities.

## DAMAGES

41. Plaintiff repeats the allegations contained in paragraphs 1-40 as though set forth verbatim and incorporates all allegations set forth in all other sections of this complaint.

42. As a direct proximate result of the violative conduct of the Defendants, Plaintiff, suffered mental and emotional anguish, psychological pain, emotional trauma, loss of income, loss of enjoyment of life and self-confidence.

## REMEDIES AND PRAYER FOR RELIEF

43. Wherefore, Plaintiff prays that this honorable Court award him all available relief, including the following:

   a. Defendants be duly cited to answer the Complaint within the days allowed. That Defendants be served with a copy of same
   b. Front pay, as appropriate;
   c. Back pay;
   d. Lost employment benefits;
   e. Consequential damages for any other pecuniary harms flowing from

Defendants' unlawful conduct;

f. Compensatory damages for emotional distress and any other non-pecuniary harms flowing from Defendants' unlawful conduct;

g. Punitive damages commensurate with Defendants' misconduct and necessary to deter it from violating the law in the future;

h. All past, present, and future medical expenses;

i. All mental, emotional, and/or psychological pain, trauma suffering and anguish

j. Loss of income, loss of enjoyment of life and self-confidence.

k. Pre-judgment interest;

l. Post-judgment interest;

m. Attorney fees;

n. Costs;

o. An injunction curing Defendants' unlawful conduct and prohibiting it from engaging in any similar misconduct in the future;

p. An official written apology to Plaintiff.

q. Notice given to all employees regarding the violations found by this Court and notifying such employees of their legal rights and the order entered proscribing any similars misconduct in the future;

r. A final judgment declaring Defendants violated the law as described above;

s. And, Plaintiff also seeks such other and further relief, general and equitable, as the Court and Jury may deem just and proper under the circumstances as hereinabove set forth.

Respectfully Submitted on 17th of June, 2024

FREDERICK CHAMBLISS, Plaintiff

Ursula K. Mitchell (MSB No., 101803)
Counsel for Plaintiff

OF COUNSEL
URSULA K. MITCHELL
Mitchell Law Firm PLLC
198 Charmant Pl
Suite 2
Ridgeland, MS 39157
Office – 601-667-6680
Fax  - 601-510-9108